UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| FORREST RUSSELL, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-1981 NAB |
| | ) | |
| STEVEN ERIC LEWIS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff, Forrest Russell, Jr. (registration no. 189366), an inmate at Eastern Reception Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $24.18.[1] *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against plaintiff that arises out of the same facts.

**Background**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth Amendment rights. Prior to this case being filed, a related underlying criminal case was filed

---

[1] A review of plaintiff's account indicates an average monthly deposit of $120.91. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $24.18, which is 20 percent of plaintiff's average monthly deposit.

1

against plaintiff in Missouri State Court. *See State v. Russell*, Case No.14SL-CR10130-01 (21st Judicial Circuit, St. Louis County Court). After a jury trial in St. Louis County Court, plaintiff was found guilty of three counts of Armed Criminal Action, Robbery in the First Degree, Unlawful Possession of a Firearm, Kidnapping in the First Degree and Burglary in the First Degree.

The Honorable Nancy Watkins sentenced plaintiff to a total of thirty (30) years' imprisonment. Plaintiff subsequently appealed his conviction to the Missouri Court of Appeals where the matter is currently under review. *See State v. Russell*, Case No. ED105842.

### The Complaint

In this case, plaintiff asserts claims for false arrest, false imprisonment and malicious prosecution as a result of an alleged false arrest that occurred on December 23, 2014. He brings this action against the four police officers who were involved in his arrest, as well as the St. Louis County Public Defender's Office and his assigned public defender, Steven Lewis.

In the complaint, plaintiff alleges that the defendant police officers found his vehicle at a crime scene on the night of December 20, 2014, in Wildwood, Missouri, causing the officers to believe that he had committed burglary, kidnapping and armed criminal action. Plaintiff claims that his vehicle was at the crime scene because the persons who committed the crime used his vehicle to do so.

Plaintiff states that the police failed to listen to his assertions regarding why his vehicle was at the crime scene. Plaintiff alleges that in order to fit their idea of the crime, the defendant police officers coerced a witness to describe plaintiff as the assailant even though he did not match the first description of the man the witness gave to the police. Moreover, plaintiff states

that the victim did not at first mention that a gun was used in the crime, nevertheless, plaintiff was charged with unlawful possession of a firearm after the officers spoke to the witness again and coerced the witness into believing that a gun was used in commission of the crime.

Plaintiff also asserts that his public defender, Steven Lewis provided him with ineffective assistance of counsel, when he failed to "represent him" properly or "shift blame" away from plaintiff.[2]

After a jury trial in St. Louis County Court, plaintiff was found guilty of three counts of Armed Criminal Action, Robbery in the First Degree, Unlawful Possession of a Firearm, Kidnapping in the First Degree and Burglary in the First Degree.

Plaintiff's claims in this lawsuit arise under the Fourth Amendment and include: lack of probable cause to bring charges against plaintiff; manufacturing evidence against plaintiff; malicious prosecution; false arrest; and false imprisonment.

**Discussion**

In *Wallace v. Kato,* the United States Supreme Court held that Athe statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process.@ *Wallace*, 549 U.S. at 397. The Court observed that A[f]alse arrest and false imprisonment overlap; the former is a species of the latter.@ *Id.* at 388. The Court instructed that where Aa plaintiff files a false arrest claim before he has been convicted . . . it is

---

[2]Ineffective assistance of counsel claims are not justiciable in the context of 42 U.S.C. § 1983. They are more properly brought in habeas corpus, pursuant to 28 U.S.C. § 2254. Furthermore, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

3

within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.@ *Id.* at 393-94. Otherwise, the court and the parties are left to Aspeculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession.@ *Id.* at 393 (internal citation omitted).

In this case, plaintiff asserts claims for false arrest and false imprisonment. The principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter against plaintiff has been resolved through his criminal appeals, as well as through post-conviction processes.

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment or sentence unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $24.18 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance

4

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[3]

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the appellate proceedings and post-conviction proceedings against plaintiff relating to his criminal case of *See State v. Russell, Case No.14SL-CR10130-01 (21st Judicial Circuit, St. Louis County Court).*

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *See State v. Russell,* Case No.14SL-CR10130-01 (21st Judicial Circuit, St. Louis County Court).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the appellate proceedings and post-conviction proceedings related to the criminal charges pending against plaintiff in *See State v. Russell,* Case No.14SL-CR10130-01 (21st Judicial Circuit, St. Louis County Court). This case may be reopened by plaintiff=s filing of a motion to reopen the case after such final disposition.

Dated this 25th day of October, 2017.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE

---

[3] After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).