**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| FORREST RUSSELL, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-1981 SPM |
| ) | |
| STEVEN ERIC LEWIS, et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER**

Before the Court is plaintiff's motion to reopen this matter. After review of plaintiff's request, as well as judicial records relating to plaintiff's state court criminal matters, the Court will decline to reopen the present action.

**Background**

Plaintiff filed this action on July 17, 2017, pursuant to 42 U.S.C. § 1983, alleging violations of his Fourth Amendment rights. Plaintiff asserted claims of false arrest, false imprisonment and malicious prosecution as a result of an alleged arrest that occurred on December 23, 2014. He filed this action against the four St. Louis County police officers involved in his arrest, as well as the St. Louis County Public Defender's Office and his assigned public defender, Steven Lewis.

Plaintiff alleged that the defendant police officers found his vehicle at the crime scene on the night of December 20, 2014, in Wildwood, Missouri, causing the officers to believe that he had committed burglary, kidnapping and armed criminal action. Plaintiff claimed that his vehicle was at the crime scene because the persons who committed the crime had used his vehicle to do so. However, the police purportedly failed to believe his explanation, and he was eventually arrested for the crime, even though he did not fit the description from the eyewitness. Plaintiff

alleged that the eyewitness, however, changed his testimony after officers spoke to the witness a second time and coerced the witness into believing that a gun was used in the commission of a crime.

After a jury trial in St. Louis County Circuit Court, on May 12, 2017, plaintiff was found guilty of three counts of armed criminal action, robbery in the first degree, unlawful possession of a firearm, kidnapping in the first degree and burglary in the first degree. *See State v. Russell*, No. 14SL-CR10130-01 (21st Jud. Cir., St. Louis County Court). On August 30, 2017, plaintiff was sentenced to thirty (30) years of imprisonment in the Missouri Department of Corrections. Plaintiff, however, claimed that his public defender, Steven Lewis, provided him with ineffective assistance of counsel during trial by failing to shift blame away from him.

Based on the pendency of the underlying criminal case against plaintiff that arose out of the same facts, the Court stayed the § 1983 action pursuant to *Wallace v. Kato,* 549 U.S. 384 (2007). Plaintiff was instructed that he could seek to reopen the present matter after culmination of the underlying state case.

Plaintiff filed his motion to reopen this matter on January 23, 2024. In his motion he states, "[M]y state appeal process is almost at a close, give or take a few months." So what do I need to do to start my case back up? Please help me in this matter."

The Court has reviewed the pendency of the state criminal proceedings on Missouri.Case.Net and found that after plaintiff was sentenced on August 30, 2017, he appealed his conviction and sentence to the Missouri Court of Appeals. *State v. Russell,* No. ED105842 (Mo.Ct.App.2018). The Court of Appeals affirmed the conviction and sentence of the Circuit Court on August 14, 2018. The mandate was entered on September 6, 2018. *Id.*

Plaintiff filed a motion to vacate his conviction pursuant to Mo.S.Ct.R. 29.15 on December 4, 2018. *Russell v. State,* No. 18SL-CC04792 (21st Jud. Circuit, St. Louis County Court). The Circuit Court denied the motion to vacate his conviction on September 12, 2023. *Id*. Plaintiff appealed the post-conviction motion to the Missouri Court of Appeals. *See Russell v. State*, No. ED112090 (Mo.Ct.App.2023). The matter is currently pending.

## Discussion

Plaintiff seeks to reopen the present civil rights action to pursue his claims against defendants. However, because plaintiff has been convicted in his criminal proceedings, he cannot seek damages in this action against the current defendants for violations of his constitutional rights relating to his arrest and criminal conviction. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). Simply put, a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87. Because there is no indication in the record that plaintiff's conviction has been reversed or expunged, his civil rights case against defendants cannot be reopened at this time.

Furthermore, to the extent plaintiff can be understood to ask this Court to enjoin or otherwise intervene in his ongoing state criminal proceeding – his current appeal of his post-conviction motion - his claims are barred under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971). *See also Gillette v. N. Dakota Disc. Bd. Counsel*, 610 F.3d 1045, 1046 (8th Cir. 2010) ("[F]ederal courts may not enjoin pending state court criminal proceedings absent

-3-

a showing of bad faith, harassment, or any other unusual circumstance that would call for equitable relief."). As such, plaintiff's request to reopen this matter must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen this matter [ECF No. 12] is **DENIED as his claims are barred by the doctrine of** *Heck v. Humphrey***, 512 U.S. 477, 486-87 (1994)**.

**IT IS FURTHER ORDERED** that this case will remain **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against plaintiff **and may only be reopened if plaintiff is successful in overturning his convictions**.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this 29th day of January, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE